OPINION
The Board of Trustees of Newton Township, Licking County, Ohio, appeal a judgment of the Court of Common Pleas of Licking County which found the decision of the Board of County Commissioners denying the petition for annexation made by Billy J. Watson was not supported by the preponderance of substantial, reliable and probative evidence. The common pleas court reversed the Commissioner's decision and ordered the annexation to proceed. The Trustees assign five errors to the trial:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED IN FAILING TO SET FORTH ITS FINDINGS OF FACT SEPARATE FROM ITS CONCLUSIONS OF LAW ON ISSUES TRIED TO THE COURT ON THE TRUSTEES' MOTION TO DISMISS.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED IN OVERRULING THE TRUSTEES' OBJECTIONS TO ADMISSION OF ORAL TESTIMONY TO IMPEACH THE CERTIFICATE OF COUNSEL IN HIS NOTICE OF APPEAL AND ADMITTING SUCH TESTIMONY.
ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED IN (1) OVERRULING THE TRUSTEES' MOTION TO DISMISS THE APPEAL FOR WANT OF JURISDICTION FOR FAILURE TO FILE A NOTICE OF APPEAL WITH THE BOARD OF COUNTY COMMISSIONERS (2) HOLDING THAT TRUSTEES FAILED TO MEET THEIR BURDEN OF PROOF ON ESTABLISHING THE NOTICE OF APPEAL WAS NOT FILED AND (3) NOT FINDING THAT WATSON FILED ONLY ONE PIECE OF PAPER, A REQUEST FOR TRANSCRIPT, WITH THE COMMISSIONERS.
ASSIGNMENT OF ERROR NO. 4
 THE TRIAL COURT ERRED IN FINDING THAT WATSON IS THE MAJORITY OWNER OF THE LAND TO BE ANNEXED AND THAT THE PETITION FOR ANNEXATION WAS SIGNED BY A MAJORITY OF THE OWNERS IN THE AREA TO BE ANNEXED.
ASSIGNMENT OF ERROR NO. 5
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT THE DECISION OF THE COMMISSIONERS WAS NOT SUPPORTED BY A PREPONDERANCE OF SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE ON THE WHOLE RECORD AND REVERSING THE COMMISSIONERS' DENIAL OF THE PETITION FOR ANNEXATION.
The trial court outlined the basic facts in its memorandum decisions filed December 21, 1999 and April 19, 2000. Billy J. Watson is the owner of 1118.06 acres of land in Newton Township, Licking County, Ohio. Watson filed a petition with the County Board of Commissioners requesting the annexation of the 118.6 acres from Newton Township to the City of Newark. The Board of Commissioners took testimony and evidence concerning the property to be annexated. The trial court reviewed this and found the evidence demonstrated the property is situated such that 209.45 feet are contiguous with the Newark city limits, and the proposed annexation would result in a section of the property becoming an island. The court also found the proposed annexation would create a "bottle neck" up to the 209.45 feet contiguous with Newark. The court found Watson was the sole owner of the property, and was in favor of the annexation because it would allow him to develop the property. The Newton Township Trustees plan to maintain the property in its current zoning, as agricultural. The record also demonstrates although Watson is the sole record owner of the entire parcel, his deed for 38.099 of the acres includes language requiring approval from Countrytyme, Inc., the former owner of the 38.099 acres before the property can be developed. The court found the land is presently surrounded by subdivisions, and the adjoining landowners and residents disfavor the annexation. The reasons the residents gave include the increased traffic, safety hazards, concerns about safety services and confusion over service personnel as to where they should respond to emergency calls. The residents also indicated a portion of the property is wet land with insufficient drainage. The commissioners denied the petition for annexation, finding the general good of the territory sought to be annexed will be adversely affected by the annexation.
 I
The Board of Trustees first challenges the trial court's response to its motion for findings of fact and conclusions of law. The Board of Trustees moved to dismiss the appeal before the trial court for lack of jurisdiction, Civ.R. 12 (B)(1). The trial court found its memorandum decision contains sufficient findings of fact and conclusions of law pursuant to Civ.R. 52 to render further findings unnecessary. Appellant concedes Civ.R. 52 provides a court need not make findings of fact and conclusions of law upon certain motions, including those made pursuant to Civ.R. 12. Civ.R. 52 also provides an opinion or memorandum opinion decision which contains findings of fact and conclusions of law stated separately satisfies the requirements of Civ.R. 52. Our task upon review is to examine the memorandum decision and determine whether it contains sufficient findings of fact and conclusions of law to comply with the rule. See e.g. Davis v. Mitchell (July 2, 1990), Delaware Appellate No. 89CA41, unreported. We have reviewed the memorandum decision and find the trial court set forth sufficient factual and legal findings to comply with Civ.R. 52. Accordingly, the first assignment of error is overruled.
 II
The basis of the Board of Trustees' motion to dismiss for lack of jurisdiction is the Board's contention the clerk of the County Commissioners was not served with a notice of appeal. At the evidentiary hearing, Watson's counsel testified he hand delivered a copy of the notice of appeal and a request for transcript to the clerk of the common pleas court and also to the Board of Commissioners. The trial court further found the secretary at the County Commissioners' office testified that she received "some paperwork" from Watson's attorney, and passed the paperwork on to Michael Smith, Clerk of the Board of County Commissioners. Smith testified he did not read the paperwork, but passed it along in turn to Marvella McCluskey, Deputy Clerk of the Commissioner's office. McCluskey testified she received only the transcript request, and not the notice of appeal. The trial court found receipt of notice by the Board is jurisdictional, and failure to give notice requires dismissal of the action. The trial court found Watson's attorney adduced evidence the Board of Commissioners did receive a copy of the notice of appeal. The court found the testimony of the Board's employees did not refute Watson's assertion that he served the notice. The Board's employees vaguely indicated "some paperwork" was received and passed along. The trial court concluded as a matter of law McCluskey's testimony, she only received one piece of paper does not prove only the one piece of paper was received by the Board initially. The trial court also found no demonstration of prejudice or unfair surprise because the notice provision of R.C. 2505.04 is designed to make all parties aware an appeal has been filed, and this objective was accomplished in this appeal. The Board of Trustees argues the notice of appeal contained a certificate of service stating a copy was served upon counsel, and did not state a copy was filed with the Commissioners. Counsel for Watson testified he hand delivered a notice to the Board of Commissioners. The Board urges the trial court should not have taken oral testimony to show the certificate of service of the notice of appeal was incomplete. The Board cites us to State ex rel. Billington v. Cotner (1970),25 Ohio St.2d 140, where city council passed an ordinance calling for a special election, but left the date of the election blank. The Billington court held the blank date could not be filled in based upon parol evidence. We find Billington is clearly distinguishable on the facts. The basis for the Billington court's decision was that city council authenticated and journalized the ordinance, and parol evidence is not admissible to contradict the recorded action of a public body. We find the trial court did not err in holding the evidentiary hearing, and taking evidence regarding the notice of appeal. The second assignment of error is overruled.
 III
Here, the Board of Trustees argues the trial court should have sustained its motion to dismiss, rather than finding the Board had failed to meet it burden of proving the notice of appeal was not filed. The court found Watson served a notice of appeal on the Commissioners. In Snell v. City of Mt. Vernon Board of Zoning Appeals (December 18, 1995), Licking Appellate No. 95CA24, unreported, this court found the burden of proving the notice of appeal was not filed is on the party making the motion to dismiss. The Board's argument that the trial court erred in finding Watson filed both a notice of appeal and a request for a transcript with the Commissioners is basically an argument the decision is against the manifest weight of the evidence, although the Board does not characterize it as such. Our standard of review of such a claim is contained in C.E. Morris Company v. Foley Construction Company (1978),54 Ohio St.2d 279. Under the Morris standard, this court does not weigh the evidence and judge the credibility of the witnesses, but merely determines whether there is sufficient competent and credible evidence upon which the fact finder could base the judgment. We find there was sufficient competent and credible evidence from which the trial court could conclude Watson filed his notice of appeal with the Commissioners, and thus, the Board of Trustees had failed to meet its burden. The third assignment of error is overruled.
 IV
The Board argues R.C. 709.02 requires a petition for annexation be signed by a majority of the owners of the real estate in the territory to be annexed. The Board urges the trial court erred in finding Watson is a majority owner of the land and finding the petition for annexation was signed by the majority of the owners. It appears undisputed Watson holds a free-hold estate in the entire tract that is the subject of this dispute. The 118.06 acres includes a 38.099 acre parcel of land which Watson had purchased from Countrytyme, Inc. Countrytyme reserved the right to approve any division, split, or subdivision of the 38.099 acre parcel. The Board urges because Countrytyme reserved this right, any petition for annexation would have to be signed both by Countrytyme and Watson. The trial court found Watson is the majority owner of the property despite the deed limitations on developing the Countrytyme parcel, which constitutes approximately one-third of the total acreage. Watson responds he holds a free-hold estate in all the property, and further, the County Commissioners found the majority of owners did sign the petition. The Township Board of Trustees did not appeal that finding, and Watson urges the township cannot now raise this issue. We find the trial court did not err in finding the petition was signed by majority of the owners in the area to be annexed. Accordingly, the fourth assignment of error is overruled.
 V
Finally, the Township Board of Trustees argues the trial court abused its discretion when it found the decision of Commissioners was not supported by the preponderance of evidence in the record. The Board cites Dudukovich v. Lorain Metropolitan Housing Authority (1979),58 Ohio St.2d 202 for the standard of review a common pleas court uses in reviewing an order from an administrative agency. In Dudukovich, the Supreme Court held the court of common pleas must determine whether there is a preponderance of reliable, probative and substantial evidence to support the agency's decision. The Board urges the decision of the Commissioners was supported by a preponderance of the evidence and the trial court should have affirmed the Board of Commissioner's decision. Both parties urge us to review the recent case of Smith v. Granville Township Board of Trustees (1998), 81 Ohio St.3d 608. In Smith, which arose in this district, the property in question lay between the Village of Granville and the City of Newark. The owner of the property wanted it annexed to Newark, because Newark's zoning ordinances allowed for greater density of housing per acre than Granville. The Supreme Court found the choice of the property owner in annexation is the key consideration for the court, Smith at 614, citation deleted. The Ohio Supreme Court found the wishes of the sole property owner seeking annexation support the finding annexation would serve the general good of the territory unless there is evidence the city could not provide adequate services. The record before us does not demonstrate the city is unable to provide services to the area to be annexed. The Smith court noted our review on appeal is narrower than that of the common pleas court, and requires us to affirm the common pleas court unless we find as a matter of law the decision of the common pleas court is not supported by the preponderance of the reliable, probative and substantial evidence. We find the decision of the common pleas court is supported by the preponderance of reliable, probative and substantial evidence, and for this reason, the fifth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
 ___________________ Gwin, P.J.,
Farmer, J., and Wise, J., concur